HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HELEN DEBESAY,

    Plaintiff,

  v.

SECURITY INDUSTRY SPECIALISTS, INC.,

    Defendant.

Case No.  2:20-cv-00927-RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss, or in the Alternative, Motion to Stay Proceedings and Compel Arbitration.  Dkt. # 8.  Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary.  For the reasons below, the motion is **GRANTED in part,** and this matter is **STAYED** pending arbitration.

## II.  BACKGROUND

On June 16, 2020 this matter was removed from King County Superior Court. Dkt. # 1.  According to the complaint, Plaintiff Helen Debesay is suing her former employer, Defendant Security Industry Specialists Inc. ("SIS"), for failure to accommodate her disability.  Dkt. # 1-1 ¶¶ 1.1, 4.1.

ORDER – 1

1  Now, SIS moves to dismiss or, in the alternative, moves to stay proceedings and
2  compel arbitration. Dkt. # 8. The motion is ripe for review.

### III. DISCUSSION

4  Because the Federal Arbitration Act ("FAA") requires courts to "direct the parties
5  to proceed to arbitration on issues as to which an arbitration agreement has been signed,
6  the FAA limits court involvement to determining (1) whether a valid agreement to
7  arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at
8  issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (internal
9  quotation marks omitted). These "gateway questions of arbitrability" are presumptively
10 "within the province of judicial review." *Momot v. Mastro*, 652 F.3d 982, 987 (9th Cir.
11 2011) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)).

12 That said, parties may agree to delegate such gateway issues to an arbitrator for
13 the arbitrator to decide. *Id.* The parties must delegate "clearly and unmistakably." *Id.*
14 "Clear and unmistakable 'evidence' of agreement to arbitrate arbitrability might
15 include . . . a course of conduct demonstrating assent . . . or . . . an express agreement to
16 do so." *Id.* at 988 (alteration omitted) (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S.
17 63, 79 (2010) (Stevens, J., dissenting)); *see also Brennan v. Opus Bank*, 796 F.3d 1125,
18 1130 (9th Cir. 2015) ("[G]ateway issues can be expressly delegated to the arbitrator
19 where 'the parties *clearly and unmistakably* provide otherwise.'" (emphasis in original)
20 (quoting *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)).

21 SIS's argument is simple. Ms. Debesay was employed by SIS. Dkt. # 1-1 ¶ 4.1.
22 As part of Ms. Debesay's employee "on-boarding process," SIS presented her with an
23 arbitration agreement ("Arbitration Agreement"), which she signed. Dkt. # 9 ¶ 3. Under
24 the agreement, she had ten days to opt-out, yet she did not do so. *Id.* SIS argues that the
25 arbitration agreement governs, and all the claims in her complaint fall under its
26 provisions. Dkt. # 8 at 3-4. For those reasons, it says, "the Court lacks jurisdiction, this
27 is an improper venue to which to litigate Plaintiff's claims, and Plaintiff fails to state a
28 ORDER – 2

claim upon which relief may be granted." *Id.* at 2.

In opposing the motion, Ms. Debesay makes two arguments. First, she says that issues of unconscionability are for the Court, not an arbitrator, to decide. Dkt. # 11 at 4-6. Second, assuming that is true, she argues that the Arbitration Agreement is substantively unconscionable. *Id.* at 6-10. According to Ms. Debesay, three unconscionable provisions render the arbitration agreement void. *Id.* at 7. One provision limits the number of depositions that she may take during arbitration, the other mandates that the arbitration remain confidential, and the last relates to costs of making a record of an arbitration hearing. *Id.* at 7-10.

The Court need not reach Ms. Debesay's unconscionability challenges. Under the Arbitration Agreement, the parties have clearly and unmistakably delegated such gateway issues to an arbitrator.

The Arbitration Agreement has a delegation clause. Dkt. # 9-1 at 2. The agreement states that all "disputes" are subject to the Arbitration Agreement. *Id.* § 1.1. "Disputes," a defined term, includes "[d]isputes over the *arbitrability* of *any* controversy or claim which *arguably is* or *may be* subject to [the Arbitration Agreement]." *Id.* § 1.2 (emphasis added). This delegation is broad, covering issues of "arbitrability," generally, and covering arbitrability disputes that are or even may be related to the Arbitration Agreement. Further, the agreement provides that arbitration "is the *sole and exclusive* means for the resolution of any and all Disputes." *Id.* § 2.2 (emphasis added).

The Court holds that this delegation language is clear and unmistakable. Without any explanation, Ms. Debesay apparently concludes that this language is not clear and unmistakable enough. Dkt. # 11 at 5-6. But the Arbitration Agreement, in plain terms, provides that disputes over "arbitrability" are assigned, exclusively, to the arbitrator for it to decide. If that were not clear and unmistakable, the Court would struggle to find what would be. *See, e.g., Momot*, 652 F.3d at 988 (upholding a delegation clause providing "[i]f a dispute arises out of or relates to . . . the validity or application of any of the

ORDER – 3

provisions of this Section 4, and, if the dispute cannot be settled through negotiation, the dispute shall be resolved exclusively by binding arbitration"); *Mohamed*, 848 F.3d at 1207-08 (upholding a delegation clause providing "[t]his Arbitration Provision requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial. Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Arbitration Provision, including the enforceability, revocability or validity of the Arbitration Provision or any portion of the Arbitration Provision"). Hence, the parties have taken gateway issues of arbitrability out of the judicial province and placed them into arbitration.

"Because a court must enforce an agreement that, as here, clearly and unmistakably delegates arbitrability questions to the arbitrator," only one question remains: whether the delegation provision *itself* is unconscionable. *Brennan*, 796 F.3d at 1132 (emphasis omitted). But, as the Supreme Court explained in *Rent-A-Center, West v. Jackson*, the Court only need reach that question if Ms. Debesay challenges the delegation provision specifically, which she does not. *See* 561 U.S. at 72 ("Accordingly, unless [the employee] challenged the *delegation provision specifically*, we must treat it as valid . . ., and must enforce it . . ., leaving any challenge to the validity of the Agreement as a whole for the arbitrator." (emphasis added)). Here, Ms. Debesay argues that just three arbitration terms are unconscionable. Dkt. # 11 at 6-10. The delegation clause is not among them. Indeed, Ms. Debesay does not challenge the delegation clause at all. For that reason, the Court need not determine whether the delegation clause is unconscionable.

In sum, gateway issues of arbitrability—such as whether a valid arbitration agreement exists, whether the agreement covers the instant employment dispute, and whether any terms of the arbitration agreement are unconscionable—are for the arbitrator, not the Court, to decide.

ORDER – 4

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS in part** SIS's Motion to Dismiss, or in the Alternative, Motion to Stay Proceedings and Compel Arbitration.  Dkt. # 8.  Rather than dismissing this action, the Court **STAYS** this action pending arbitration. SIS, as the proponent of arbitration, must submit a brief report on the status of the arbitration on April 15 and on the fifteenth day of every second month thereafter.  The parties shall immediately notify the Court of the conclusion of arbitration or any other matters impacting this stay.

DATED this 15th day of March, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5